**Dated: August 27, 2019**
**The following is SO ORDERED:**

_____
**Jimmy L. Croom**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In Re: | Chapter 13 |
| Phillip Dotson & Trinetta Dotson | |
| Debtors | Case No. 19-11200 |

**Order Confirming Plan Combined With Related Orders**

It appearing to the Court that the Debtors Have filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from the statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

IT IS THEREFORE, ORDERED BY THE COURT:

1. That the Debtors' plan, which is attached hereto, is confirmed;

2. That the Debtors pay into the plan as follows:

| | | |
|---|---|---|
| Debtor One Employer: | CHESTER COUNTRY TRUSTEE | $150.00 WEEKLY |
| Debtor Two Employer: | WAL-MART ASSOCIATES, INC | $300.00 EVERY TWO WEEKS |

If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Futhermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §§1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the Chapter 13 estate under 11 U.S.C. §§541(a) and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,800.00.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7. The balances of any student loans shall survive discharge if the plan indicates same.

8. Following the bar date to file proofs of claims, the Chapter 13 Trustee may adjust the plan payments as necessary to capture any excess equity.

CC: Timothy H. Ivy

/s/ Timothy H. Ivy
Chapter 13 Trustee

SEC

CARL JEROME TEEL, JR.
TEEL & MARONEY, PLC
425 EAST BALTIMORE
JACKSON, TN  38301

Date: August 22, 2019

UNITED STATES BANKRUPTCY COURT
Western District Of Tennessee

In Re:  Case No. 19-11200

    (1) Phillip Dotson

    (2) Trinetta Dotson

**Debtors**  Chapter 13

# CHAPTER 13 PLAN

| | | |
|---|---|---|
| **ADDRESS:** | 5360 State Route 225<br>Henderson, TN 38340 | 5360 State Route 225<br>Henderson, TN 38340 |

**PLAN PAYMENT :**

    DEBTOR (1) shall pay    $150.00    WEEKLY

    by: Payroll Deduction from:    CHESTER COUNTRY TRUSTEE
    ATTN: PAYROLL DEPARTMENT
    159 EAST MAIN STREET, SUITE 2
    HENDERSON, TN 38340

    DEBTOR (2) shall pay    $300.00    EVERY TWO WEEKS

    by: Payroll Deduction from:    WAL-MART ASSOCIATES, INC
    ATTN: PAYROLL DEPT.
    702 S.W. 8TH ST.
    BENTONVILLE, AR 72716

**1. THIS PLAN [Rule 3015.1]:**

    (A)  CONTAINS A NON-STANDARD PROVISION. [See Plan Provision #19]      NO

    (B)  LIMITS THE AMOUNT OF SECURED CLAIM BASED ON A VALUATION OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]      YES

    (C)  AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12]      NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtors' attorney fees, pursuant to Confirmation Order.

**3. AUTO INSURANCE:** (x) Not Included in Plan

    `AUTO INSURANCE NOT INCLUDED`

**4. DOMESTIC SUPPORT**      Monthly Plan Payment

**5. PRIORITY CLAIMS**

**6. HOME MORTGAGE CLAIMS**

**7. SECURED CLAIMS**

| [Retain lien 11 U.S.C. Section 1325 (a)(5)] | Value of Collateral: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| FIRST HERITAGE CREDIT OF TENNESSEE, | $4200.00 | 10.00% | $90.00 |
| Misc HHG | | | |
| ONEMAIN FINANCIAL GROUP, LLC | $4000.00 | 10.00% | $85.00 |
| MISC HHGS | | | |
| PERFORMANCE FINANCE | $7000.00 | 7.00% | $140.00 |
| 2010 Harley Davidson Motorcycle | | | |

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING**

| [Retain lien 11 U.S.C. Section 1325 (a)] | Value of Collateral: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| BANK OF AMERICA, N.A. | $19,500.00 | 7.00 | $390.00 |
| 2012 Dodge Challenger | | | |
| `Adequate protection $97.00 monthly` | | | |
| SUNTRUST BANK | $11,000.00 | 7.00 | $220.00 |
| 2010 Nissan Maxima | | | |
| `Adequate protection $55.00 monthly` | | | |

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL**

| [Retain lien 11 U.S.C. Section 1325 (a)] | Collateral |
|---|---|
| ALLY BANK | 2015 GMC Acadia |
| `[surrendered]` | |

**10. SPECIAL CLASS UNSECURED CLAIMS**

| | Amount: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| 1ST FRANKLIN FINANCIAL CORPORATIC | $924.78 | 10.00% | $25.00 |
| `[per order]` | | | |

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS**

| | Amount: | Rate of Interest: | Monthly Plan Payment: |
|---|---|---|---|
| NAVIENT SOLUTIONS, LLC ON BEHALF OF | $27,678.09 | 0.00% | $0.00 |
| CONTINUING DEBT-UNSECURED - | | | |
| `[balance survives discharge]` | | | |

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. SECTION 522(f)**

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:** $79,003.59

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS**

**17. COMPLETION:** Plan shall be completed upon payment of the above approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19: NON-STANDARD PROVISION(S)**

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**